**Ronald SHAAB, Plaintiff,**

**v.**

**Richard G. KLEINDIENST, Acting Attorney General, et al. (Formerly John N. Mitchell, Attorney General) Defendants.**

**Civ. A. No. 11–72.**

United States District Court,
District of Columbia.

June 7, 1972.

**590**

James L. Fisk, Washington, D. C., for plaintiff.

Howard E. Shapiro, Dept. of Justice, Washington, D. C., for defendants.

Sidney A. Diamond, New York City, and James Fitzpatrick, Washington, D. C., for Recording Industry Assn. of America, Inc., defendant-intervenor; Richard J. Wertheimer, Andrew S. Krulwich, Arnold & Porter, Washington, D. C., David Goldberg, Ronald S. Kadden, Kaye, Scholer, Fierman, Hays & Handler, Ernest S. Meyers, Laporte & Meyers, New York City, on the brief.

Before CORCORAN and GREEN, District Judges, and FAHY, Senior Circuit Judge.

## MEMORANDUM OPINION

PER CURIAM.

This three-judge court was convened pursuant to plaintiff's application under 28 U.S.C. §§ 2282 and 2284.

This is a suit to enjoin the Attorney General, as the official charged with enforcing the criminal provisions of the Copyright Act; and the Librarian of Congress, as the official responsible for administration of the Copyright Office, from implementing and enforcing the provisions of P.L. 92–140, 85 Stat. 391, approved October 15, 1971, which establish copyright protection for sound recordings. Plaintiff contends that sound recordings do not qualify as writings of an author which may be copyrighted under Article I, Section 8 of the Constitution. Plaintiff alleges further that Congress' failure to provide for compulsory licensing of those recordings which are copyrighted gives rise to an invidious discrimination against one who like himself is subject to compulsory licensing of his musical compositions. Finally, plaintiff claims that the statute is unconstitutional for vagueness.

■ Technical advances, unknown and unanticipated in the time of our founding fathers, are the basis for the sound recording industry. The copyright clause of the Constitution must be interpreted broadly to provide protection for this method of fixing creative works in tangible form.

Sound recording firms provide the equipment and organize the diverse talents of arrangers, performers and technicians. These activities satisfy the requirements of authorship found in the copyright clause, which point has been conceded by the plaintiff at oral argument.

■ The 1909 revision of the copyright clause contains a compulsory licensing provision with respect to copyrighted musical compositions. There is no such provision in 92–140. The Court finds this distinction between the two provisions is rational and reasonable. The provision for compulsory licensing of copyrighted musical compositions promotes the arts by permitting numerous artistic interpretations of a single written composition.

If Congress in 92–140 had extended the compulsory licensing provisions to call for licensing of companies that wish to make and sell identical versions of the recorded compositions, these public benefits would not result. Consumer choices would not be broadened since identical interpretations would be supplied first by the originator and later by the licensee. Equally important, competition and the creative aspects of the industry would be impaired since established recording firms would be discouraged from investing in new arrangements and performers, if they were compelled to license their successful interpretations to those desiring to take advantage of the originator's initiative and to add nothing themselves.

■ The purpose of Public Law 92–140 is to provide a limited copyright in sound recordings to protect against unauthorized duplication and "piracy." The specific language in the bill is designed to carry out that purpose. Accordingly, the argument that the legislation is ambiguous is without merit.

For the foregoing reasons, it is by the Court, this 7th day of June 1972,

Ordered that the motion of plaintiffs for summary judgment be and the same hereby is denied; and it is

Further ordered that the motions of defendants to dismiss complaint, or in the alternative, for judgment on the pleadings, should be and the same hereby are granted, and judgment is entered in favor of defendants with costs.